James Cai    SBN 200189
SAC Attorneys, LLP
111 N. Market St., Suite 1020
San Jose, CA 95113
Tel:  (408) 436-0789
Fax:  (408) 436-0758
Email:  jcai@sacattorneys.com

Attorneys for Debtors
TULA APONTE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>   TULA APONTE,<br><br>            Debtor.<br><br>TULA APONTE,<br><br>            Plaintiff,<br><br>v.<br><br>WVUE 2015-1,<br><br>            Defendant. | Case No. 16-51265  MEH<br><br>Chapter 13<br><br>ADV No.:<br><br>**COMPLAINT FOR INJUNCTION TO STAY ACTIONS BY CREDITOR WVUE 2015-1**<br>**[11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065]** |

TULA PONTE ("Plaintiff"), the Debtor in the underlying bankruptcy matter and the Plaintiff herein, complaining of Defendant WVUE 2015-1 ("Defendant"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This court has exclusive jurisdiction of this adversary proceeding pursuant to the provisions of 28 U.S.C. § 157.

2. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff hereby states that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

3. Plaintiff filed a Chapter 13 petition on April 27, 2016, in the United States Bankruptcy Court for the Northern District of California, instituting Case No. 16-51265.

## STANDING

4. Plaintiff faces the imminent prospect of future injury as a result of Defendant's actions alleged herein, namely the loss of title to, the ever-present threat of eviction from, and potential loss of use and enjoyment of her residence, commonly known as 1485 Olympic Drive, Milpitas, CA 95035 (the "Property").

5. Defendant's actions alleged herein are the cause of the injuries Plaintiff has suffered, continues to suffer and will further suffer if relief is not granted.

6. This Court can provide redress for Plaintiff's' injury by providing the relief request pursuant to 28 U.S.C. § 157, 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065(c).

## FACTS

7. The Chapter 13 bankruptcy case underlying the herein adversary proceeding, Case No. 16-51265, is the second that Plaintiff has had pending within the past year.

8. Plaintiff's first bankruptcy case pending within the last year, Case No. 14-51195, was filed in the Northern District of California on March 20, 2014, and dismissed on September 30, 2015.

9. Because Case No. 16-51265 is the second case that Plaintiff had pending within the past year, the automatic stay expired 30 days after the filing of the case. In order to extend the stay beyond that, Plaintiff would have had to file a motion to extend the stay pursuant to 11 U.S.C. § 362(c)(3)(B).

10. Plaintiff s' attorneys did not file a motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) due to clerical errors.

11. As a result, with no stay in place, the Defendant is free to take any and all actions proscribed under 11 U.S.C. § 362(a) to either collect money owed on a debt or repossess property securing a debt.

12. Plaintiff filed Case No. 16-51265 in good faith, and will provide adequate protection to Defendant. The previous case failed because Plaintiff failed to get the plan confirmed. During the pendency of the previous case Plaintiff was trying to get a loan modified, and she focused more on the modification than on the bankruptcy. Also, Plaintiff derives her income from providing childcare services. During the recession many people could not afford childcare and Plaintiff's business suffered. The business now has stabilized and Plaintiff believes that she can successfully complete her chapter 13 plan and make her current mortgage payments.

13. No foreclosure sale date has been set for the Property, but Defendant has a motion for relief from stay set for hearing on August 19, 2016.

15. Because Plaintiffs' primary purpose in commencing Case No. 16-51265 was to prevent her loss of the Property, Plaintiff now is seeking injunctive relief via adversary proceeding pursuant to 11 U.S.C. § 105(a).

16. On August 12, 2016, the Court issued an order referring Plaintiff and WVUE 2015-1 to the Mortgage Modification Mediation Program [Dkt #24]. Paragraph 5 of the order provides that the stay provided for under 11 U.S.C. § 362(a) "shall be modified to the extent necessary to facilitate the MMM Program" pursuant to the order.

## SOLE CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

17. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 though 15, above, as though fully set forth herein.

18. Plaintiff is entitled to an injunction preventing the sale or transfer of, or Plaintiff's eviction from, the Property and enjoining any action in connection therewith while Plaintiff is in bankruptcy.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below:

(1) Pursuant to Fed. R. Civ. P. 65, as incorporated by Fed. R. Bankr. P. 7065, and 11 U.S.C. § 105(a), for an injunction enjoining Defendant and/or its attorneys, agents, employees and successors from any further actions purporting to sell, transfer, or evict Plaintiff from the Property;

(2) To render void any purported transfer or sale of the Property undertaken by Defendant and/or its attorneys, agents, employees and successors subsequent to Plaintiff's bankruptcy filing on April 27, 2016, and restore title to Plaintiff;

(3) Pursuant to Fed. R. Civ. P. 65, as incorporated by Fed. R. Bankr, P. 7065, and 11 U.S.C. § 105(a), for an injunction enjoining Defendant and its attorneys, agents, employees and successors from any further actions proscribed under 11 U.S.C. § 362(a) to collect money owed on a debt or repossess property securing a debt while Plaintiff is in bankruptcy; and

(4) Other such legal and equitable relief the court deems just and proper.

Dated: August 18, 2016

Respectfully submitted,
SAC Attorneys LLP

_____/s/ *James Cai*_____
James Cai, Attorneys for Debtor Tula Aponte